**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JUSTIN REGEHR,** | | |
| **for himself and all** | § | |
| **others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE No. 1:15-cv-00501** |
| | § | |
| **GREYSTAR MANAGEMENT** | § | |
| **SERVICES, L.P.,** | § | |
| **GREP GENERAL PARTNER, LLC,** | § | |
| **GREYSTAR REAL ESTATE** | § | |
| **PARTNERS, LLC, SVF CANTEBREA,** | § | |
| **LP D/B/A ALARA CANTEBREA** | § | |
| **CROSSING, AND SVF CANTEBREA** | § | |
| **CORPORATION D/B/A SVF** | § | |
| **CANTEBREA GP CORPORATION** | § | |
| | § | |
| **Defendants.** | § | |

**GREYSTAR MANAGEMENT SERVICES, L.P.,**
**GREP GENERAL PARTNER, LLC AND GREYSTAR REAL ESTATE PARTNERS,**
**LLC'S MOTION TO DISMISS ORIGINAL COMPLAINT**

Greystar Management Services, L.P., GREP General Partner, LLC and Greystar Real

Estate Partners, LLC (collectively, "Greystar") file this Motion to Dismiss Original Complaint,

pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23 (the "Motion"), seeking dismissal

of the Original Complaint [DE 1] (the "Complaint") filed by Plaintiff Justin Regehr ("Plaintiff

or "Regehr") on behalf of himself and a putative class, and respectfully state as follows:

## I. SUMMARY

Plaintiff claims that a one-time $12.50 fee charged to a residential tenant was an unlawful

water connection fee and seeks to certify a class of the residents of over 60,000 apartment units

statewide to recover the allegedly unlawful fee, plus statutory damages and attorney's fees.  But

Plaintiff's Complaint fails to state a claim and should be dismissed for three reasons.  First, the

**GREYSTAR MANAGEMENT SERVICES, L.P.,**
**GREP GENERAL PARTNER, LLC AND GREYSTAR REAL ESTATE PARTNERS,**
**LLC'S MOTION TO DISMISS ORIGINAL COMPLAINT—PAGE 1**

Lease itself makes clear that the $12.50 fee charged was a "billing convergent fee," not a "water connection fee" as Plaintiffs allege.  Notably, Plaintiff failed to attach the portion of the Lease establishing this fact and directly contradicting his allegations in the Original Complaint. Second, even if the "billing convergent fee" were construed to be a "utility connection fee," there is no prohibition under the Texas Water Code or any other applicable law for charging a general "utility fee."  Third, regardless of whether Plaintiff has stated an individual claim, class treatment is so facially unworkable that dismissal of the class allegations is justified.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On or about July 15, 2013, Plaintiff entered into a lease to occupy an apartment unit owned by Defendant SVF Cantebrea LP d/b/a Alara Cantebrea Crossing and managed by Greystar (the "Lease").  The original Lease term was extended by agreement and ultimately expired on November 14, 2014.

In September 2013, Plaintiff paid a one-time $12.50 fee (the "Fee"), which now forms the basis of his putative class action.  Plaintiff alleges that the Fee is unlawful because it loosely relates to "utilities," making it unlawful under a statute that generally proscribes excessive charges for water usage.  *See* Compl. ¶¶ 29-33.  Plaintiff hopes to certify a class of Texas residents that paid a similar Fee at apartment communities owned or managed by Defendants.

Plaintiff's claims rely on two fundamental alleged facts:  (1) the Lease does not permit Defendants to charge the Fee; and (2) despite contrary facts, the Fee was really for "water connection," not for any other lawful purpose.  Both the face of the Complaint and the documents referenced and attached to the Complaint show these "facts" to be false.

The Lease includes several ancillary documents and addenda, all of which are explicitly incorporated by the terms of the Lease.  *See* Compl. Ex. A at ¶ 43.  Plaintiff attached a copy of

GREYSTAR MANAGEMENT SERVICES, L.P.,
GREP GENERAL PARTNER, LLC AND GREYSTAR REAL ESTATE PARTNERS,
LLC'S MOTION TO DISMISS ORIGINAL COMPLAINT—PAGE 2

3795511v3 (79980.00002.000)

the Lease and its various addenda to his Complaint, however **Plaintiff neglected to attach one**

**"Rental Addendum" that establishes that Plaintiff's claims have no merit.** *See* Ex. 1 hereto,

which is a true and correct copy of the Riverstone Residential Group Rental Addendum (the

"Rental Addendum") signed by Regher.  The Rental Addendum describes the true nature of the

Fee and it plainly states the Fee is a "billing convergent fee," not a water or utility connection fee

as alleged by Plaintiff.   More specifically, the Rental Agreement provides:   "Residents will

receive a one-time $12.50 billing convergent fee on the first statement received."  *See* Ex. 1.  A

billing convergent fee is a fee that is collected from a tenant for the purpose of electronically

billing the tenant for rent.  By failing to attached the addendum relating to this fee, Plaintiff

inexplicably failed to attach the one portion of the Lease that unequivocally proves his factual

allegations are false.  The addendum omitted from the Lease attached to Plaintiff's Original

Complaint and other defects in Plaintiff's Complaint show that Plaintiff cannot state a claim upon

which relief can be granted, that Plaintiff's claims are not appropriate for class treatment and that

this lawsuit should be dismissed.

### III.  ARGUMENTS AND AUTHORITIES

Plaintiff's claims are all based on the same faulty premise:  that Greystar charged an

allegedly impermissible fee for water connection.  However, Plaintiff's contention is incorrect.

First, the Rent Addendum unequivocally demonstrates that the Fee was a "billing convergent

fee," <u>not</u> a "water connection fee."  Plaintiffs fail to provide any evidence in support of the

allegation that the "billing convergent fee" was in any manner connected to a water connection

fee or in any way connected to utility billing.  Second, even if it were considered a "utility fee,"

there is no prohibition under the Texas Water Code or any other applicable law for charging a

general "utility fee."  Finally, regardless of whether Plaintiff states an individual claim, class

**GREYSTAR MANAGEMENT SERVICES, L.P.,**
**GREP GENERAL PARTNER, LLC AND GREYSTAR REAL ESTATE PARTNERS,**
**LLC'S MOTION TO DISMISS ORIGINAL COMPLAINT—PAGE 3**

3795511v3 (79980.00002.000)

treatment is facially unworkable and should be rejected.

A.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").  As the Supreme Court explained in *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678.

Although a court must accept all well-pleaded factual allegations as true when it considers a motion to dismiss, that rule does not apply to a legal conclusion that is "couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678-79.  Additionally, even where a complaint presents appropriate factual allegations, a court must determine whether the allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  The allegations must "permit the court to infer more than the mere possibility of misconduct." *Id.*

In determining whether a plaintiff has met its burden under *Twombly* and *Iqbal* to state a plausible claim to relief, the Court may consider certain documents attached to a motion to dismiss without converting it into a motion for summary judgment.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).  In doing so, the Fifth Circuit has noted that the key consideration is whether, by attaching these documents, the "defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary

GREYSTAR MANAGEMENT SERVICES, L.P.,
GREP GENERAL PARTNER, LLC AND GREYSTAR REAL ESTATE PARTNERS,
LLC'S MOTION TO DISMISS ORIGINAL COMPLAINT—PAGE 4

3795511v3 (79980.00002.000)

determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 244 F.3d 496, 498–499 (5th Cir. 2000) ("[D]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim") (internal quotations omitted).  Where, as here, the defendant attaches a contract to its motion to dismiss, the contract was referred to in the complaint, and the contract is central to the plaintiff's claims, the Court may consider the terms of the contract in assessing the motion to dismiss.  *In re Katrina*, 495 F.3d at 205.

**B.    PLAINTIFF'S CLAIMS FAIL BECAUSE THE RENT ADDENDUM DEFINITIVELY PROVES THAT THE FEE IS NOT UNLAWFUL**

Plaintiff asserts statutory and related claims for "impermissible Utility Connection Fees for water and wastewater" allegedly charged by Greystar.  Compl. at ¶ 54.  It is undisputed that Plaintiff's Lease specifically incorporated various addenda.  *See* Compl., Ex. A at ¶ 43.  It is also undisputed that one of those addenda was the Rental Addendum, which was somehow excluded from the Lease documents Plaintiff attached to his Complaint.  The Rental Addendum plainly states that Plaintiff would be charged a one-time $12.50 "billing convergent fee."  *See* Ex. 1.[1] The irrefutable facts thus prove that the Fee was not for "water connection" or any other iteration of an allegedly improper fee under the Texas Water Code.  It was instead a one-time fee to converge Plaintiff's bills into a single statement.  Such a fee is not unlawful and nothing in the Complaint supports a claim for an allegedly improper fee for billing convergence.

**C.    EVEN WITHOUT THE RENT ADDENDUM, THE FEE IS NOT UNLAWFUL UNDER ANY APPLICABLE LAW**

---

[1]    Because the Rental Addendum was referenced in and should have been attached to the Complaint, the Court may consider it as evidence of a fact at the 12(b)(6) stage.  *In re Katrina*, 495 F.3d at 205.

**GREYSTAR MANAGEMENT SERVICES, L.P.,**
**GREP GENERAL PARTNER, LLC AND GREYSTAR REAL ESTATE PARTNERS,**
**LLC'S MOTION TO DISMISS ORIGINAL COMPLAINT—PAGE 5**

3795511v3 (79980.00002.000)

The Rent Addendum makes clear the purpose of the fee, and makes it clear that a "water connection fee" was never charged.  The Fee was  a billing convergent fee that went directly to a third-party biller relating to a new account setup.  Even assuming *arguendo* that the Rent Addendum did not exist and Plaintiff's allegations that he was charged a "utility connection fee" were true, his claims still fail as a matter of law.

In order for Plaintiff to state a viable claim based on allegedly impermissible water connection fees, he must plead facts that "permit the court to infer more than the mere possibility of misconduct," and that are not "compatible with" and, in fact, "more likely explained by, lawful . . . behavior."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679–80 (2009).  Plaintiff failed to meet this basic requirement and dismissal is therefore warranted.  Plaintiff's allegations rely on a single account ledger that refers to the Fee as a "Utility Fee."  *See* Complaint, at ¶ 30.  Nothing in the Complaint, however, suggests that the Fee relates to "water connection" or any water overcharge.  The Complaint focuses solely on a general charge for "utilities."  *See, e.g.* Compl. ¶14 ("Plaintiff seeks to recover statutory remedies and damages for himself and the putative class for *illegal utility connection fees. . .*") (emphasis added).  But utilities include more than just water; they involve electricity, natural gas, trash and recyclables, and various other regulated services.[2]  The Texas Water Code does not regulate any of these other utilities.  It is only tied to water overcharges and nothing else.  Thus, the Complaint, at best, alleges conduct that is consistent with and more likely explained by conduct that is not covered by the Texas Water Code.  *See Iqbal*, 556 U.S. at 679–80.  Simply put, there is no plausible action for charging a "utility connection fee."

---

[2] See definition of "utility," http://www.merriam-webster.com/dictionary/utility.

**GREYSTAR MANAGEMENT SERVICES, L.P.,**
**GREP GENERAL PARTNER, LLC AND GREYSTAR REAL ESTATE PARTNERS,**
**LLC'S MOTION TO DISMISS ORIGINAL COMPLAINT—PAGE 6**

Furthermore, the sub-metering provisions of the Texas Water Code also foreclose Plaintiff's claims to the extent the Fee stems from the cost of using a **_third-party biller_**.  The relevant statutes and regulations only concern overcharges for water and wastewater service.  They do not address how apartment owners may allocate costs for other utilities and amenities, such as trash and consolidated billing services.  The "prohibited charges" under the Texas Water Code and related regulations extend only to certain fees stemming from "the retail public utility." _See_ 16 TEX. ADMIN. CODE § 24.124(a) (emphasis added).  A "retail public utility" includes only persons and entities that "provid[e] potable water service or sewer service, or both, for compensation—they do not include third-party billing companies.  _See_ TEX. WATER CODE § 13.002(19); 16 TEX. ADMIN. CODE § 24.3(41).   The submetering regulations, moreover, specifically use the term "third-party billing company," _see_ 16 TEX. ADMIN. CODE § 24.125(j), demonstrating that the omission of that term from the "prohibited charges" provision was no accident.  One of the most basic canons of statutory construction holds that the selective use or omission of specific terminology from one provision to another indicates a variation of intended meaning.  _Cf. Russello v. United States_, 464 U.S. 16, 23 (1983) ("'[W]here [a legislature] includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [the legislature] acts intentionally and purposely in the disparate inclusion or exclusion.'" (citation omitted)).  Thus, charges that stem from a third-party biller are not prohibited charges.

In light of the nuanced nature of Texas submetering law, Plaintiff pleads only conduct that is just as "compatible with" and, in fact, "more likely explained by, lawful . . . behavior" than illegal billing.  _See Iqbal_, 556 U.S. at 679–80.  He fails to plead that the $12.50 Fee was more than nine percent of the amount "charge[d] for submetered water and wastewater service"

GREYSTAR MANAGEMENT SERVICES, L.P.,
GREP GENERAL PARTNER, LLC AND GREYSTAR REAL ESTATE PARTNERS,
LLC'S MOTION TO DISMISS ORIGINAL COMPLAINT—PAGE 7

at his unit, as required to establish a violation of the rules applicable to owner-imposed "service charges." *See* TEX. ADMIN. CODE § 24.124(d)(3); TEX. WATER CODE §§ 13.503(b)–(d); 13.505 (remedy available if "owner violates a rule of the utility commission"). Nor does Plaintiff explain with factual allegations how the Fee was not a permissible pass-through charge under Texas law, or constituted a "prohibited charge" that was first "billed to the owner by the retail public utility," and not a third-party biller. *See, e.g.*, TEX. WATER CODE § 13.503(b); 16 TEX. ADMIN. CODE § 24.124(a). These omissions require dismissal. Indeed, under the theory of liability advanced in the Complaint, a "late payment" charge on a tenant's utility bill would presumptively be an "illegal fee"—regardless of whether the fee is traceable to the tenant's conduct—simply because that phrase appears as a type of charge "prohibited" by the Texas Administrative Code. 16 TEX. ADMIN. CODE § 24.124(a). The Complaint "do[es] not permit the court to infer more than the mere possibility of misconduct," and it should be dismissed. *See Iqbal*, 556 U.S. at 679.

**D.    BECAUSE PLAINTIFF'S CLAIM UNDER THE TEXAS WATER CODE FAILS, HIS REMAINING AND RELATED CLAIMS ALSO NECESSARILY FAIL**

In addition to his meritless claim under the Texas Water Code, Plaintiff also asserts the following related claims: (1) declaratory judgment that the Fee is unlawful; (2) unjust enrichment; (3) money had and received; and as remedies guised as claims (4) an injunction against further Fees; and (5) a constructive trust over the collected Fees. *See* Compl. ¶¶ 17-20. All of these claims depend on Defendants' liability under the Texas Water Code. So if the Fee was not unlawful, as demonstrated throughout this Motion, then there is nothing to declare, no enrichment was unjust, nor was money unfairly had by Defendants that in equity in good conscience belonged to Plaintiff. Further, absent those predicate claims, there can be no

**GREYSTAR MANAGEMENT SERVICES, L.P.,**
**GREP GENERAL PARTNER, LLC AND GREYSTAR REAL ESTATE PARTNERS,**
**LLC'S MOTION TO DISMISS ORIGINAL COMPLAINT—PAGE 8**

3795511v3 (79980.00002.000)

statutory or other damages, nor can there be an injunction or constructive trust.  In sum, because Plaintiff's claim under the Texas Water Code fails as a matter of law, his remaining claims must also be dismissed.

## E.   CLASS TREATMENT IS IMPROPER AND SHOULD BE STRICKEN OR LIMITED

Plaintiff's class allegations should be dismissed or stricken or, at a minimum, limited with respect to the size of the putative class.

### 1.   *Plaintiff's Class Allegations are Insufficient*

Plaintiff's class allegations ignore federal pleading standards.  The "class actions allegations" section of the Complaint, ¶¶ 37–53, consists almost entirely of boilerplate "labels," "conclusions," and "formulaic recitations" of Rule 23's elements.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).  But "[m]ere repetition of the language of Rule 23(a) is not sufficient.  There must be an adequate statement of the basic facts to indicate that ***each requirement*** of the rule is fulfilled.'"  *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 n.4 (5th Cir. 2007) (citation omitted).  The Complaint fails this fundamental requirement of federal pleading.  The Court, therefore, can and should dismiss his class allegations under Rule 12(b)(6).  *See id.* at 445 (dismissing class action and holding that "a district court may dismiss the class allegation on the pleadings" where it is "facially apparent from the pleadings" that a class action is improper); *Gloria v. Allstate Cnty. Mut. Ins. Co.*, No. 99-CA-676, 2000 WL 35754563, at *9 (W.D. Tex. Sept. 29, 2000) (striking class allegations where plaintiff made only "[c]onclusory class allegations," lacked standing, and failed to state a claim); *In re Am. Med. Sys. Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996) ("Mere repetition of the language of Rule 23(a) is not sufficient.  There must be an adequate statement of the basic facts to indicate that each requirement of the

**GREYSTAR MANAGEMENT SERVICES, L.P.,**
**GREP GENERAL PARTNER, LLC AND GREYSTAR REAL ESTATE PARTNERS,**
**LLC'S MOTION TO DISMISS ORIGINAL COMPLAINT—PAGE 9**

3795511v3 (79980.00002.000)

rule is fulfilled."); *Gloria,* 2000 WL 3575463, at *9 (dismissing class at pleading stage); *Schilling v. Kenton Cnty., Kentucky,* No. 10-143-DLB, 2011 WL 293759, at *5 (E.D. Ky. Jan. 27, 2011); *Barrus v. Dick's Sporting Goods, Inc.*, 732 F. Supp. 2d 243 (W.D.N.Y. 2010).

This putative class action suffers from still more fundamental defects.   Plaintiff's conclusory superiority allegations, for example, sharply contrast with the remedies in the Water Code's private right of action, which permits recovery for (1) treble the amount of any overpayments, (2) civil penalties equal to one month's rent, (3) attorneys' fees, and (4) costs. TEX. WATER CODE § 13.505.  These remedies would provide a successful individual plaintiff at least a four-figure recovery.  Where the statute allows the recoupment of attorneys' fees as a matter of right, it is implausible to allege that "it would be virtually impossible for Class members to seek redress on an individual basis."  Compl. ¶ 50.

Additionally, the very nature of Plaintiff's theory of liability necessarily requires that individual considerations predominate over questions common to the proposed class.  Assuming, for example, that the Court ignores the characterization of the Fee as "billing convergence" or "utility connection" fee, then treatment of the Fee under the Texas Water Code will depend on a host of considerations incongruent with class treatment.   Those considerations include, at minimum, an analysis of (1) the "rate structure" used by the specific "retail public utility" servicing each of "over fifty" apartment communities in Texas, (2) the fees and surcharges actually charged by those "retail public utilities," (3) the master water and wastewater bills for each apartment community, and (4) each individual account statement, lease, or related documents during the class period for each of the 60,000 alleged apartment units in Texas.  *See, e.g.*, 16 TEX. ADMIN. CODE § 24.124(b)–(c); *see also* TEX. WATER CODE § 13.503(b).  The Fifth Circuit has affirmed the denial of class certification for much simpler claims.  *See Benavides v.*

**GREYSTAR MANAGEMENT SERVICES, L.P.,**
**GREP GENERAL PARTNER, LLC AND GREYSTAR REAL ESTATE PARTNERS,**
**LLC'S MOTION TO DISMISS ORIGINAL COMPLAINT—PAGE 10**

3795511v3 (79980.00002.000)

*Chi. Title Ins. Co.*, 636 F.3d 699, 701 (5th Cir. 2011) (observing that determination of liability and damages for common class-wide question required "extensive file-by-file review to sort out the factual details as to each plaintiff").  Because Plaintiff's best case scenario would require a granular and individualized determination of various issues, the Court should dismiss the class Complaint at the pleading stage.

　　　2.　　*At a Minimum, the Court Should Limit the Size of the Putative Class.*

　　　Even inadequately pled, the Complaint facially demonstrates that Plaintiff seeks to certify an overly broad class.  Plaintiff alleges that he signed a Lease with Alara Cantebrea, which was managed by Riverstone Residential Group ("Riverstone"), in June 2013.  Compl. ¶ 28.  Plaintiff also alleges that Greystar merged with Riverstone in June 2014.  Compl. ¶ 19.  Consequently, Plaintiff, at best, asserts claims for paying an allegedly improper fee charged at Riverstone properties, and not any of the pre-merger properties which Greystar owned or managed.  The Complaint, therefore, pleads no plausible basis for defining the putative class to encompass all post-merger Greystar properties.  Plaintiff leased a legacy Riverstone property and the Fee was allegedly imposed by Riverstone's third party biller.  Nothing in the Complaint plausibly suggests that Greystar imposed a similar Fee at its properties.  Accordingly, the Court may dismiss the Complaint or strike the improper class allegations on the additional ground that any putative class action must be limited to pre-merger Riverstone properties, and not involve any pre-merger Greystar properties.

　　　WHEREFORE, Greystar respectfully requests that the Court dismiss the Complaint without leave to amend for failure to state a claim, and that it grant Greystar any other or further relief, at law or in equity, to which it may be entitled.

**GREYSTAR MANAGEMENT SERVICES, L.P.,**
**GREP GENERAL PARTNER, LLC AND GREYSTAR REAL ESTATE PARTNERS,**
**LLC'S MOTION TO DISMISS ORIGINAL COMPLAINT—PAGE 11**

Dated:  August 31, 2015                     Respectfully submitted,


                                            */s/Michael A. Logan*
                                                 Michael A. Logan
                                                 State Bar No. 12497500
                                                 mlogan@krcl.com
                                                 C. Jeffrey Novel
                                                 State Bar No. 24037198
                                                 jnovel@krcl.com
                                                 Joseph M. Coleman
                                                 State Bar No. 04566100
                                                 jcoleman@krcl.com

                                            KANE RUSSELL COLEMAN & LOGAN PC
                                            3700 Thanksgiving Tower
                                            1601 Elm Street
                                            Dallas, Texas  75201
                                            Telephone:    (214) 777-4294
                                            Facsimile:    (214) 777-4299

                                            **ATTORNEYS FOR DEFENDANTS
                                            GREYSTAR    MANAGEMENT    SERVICES,
                                            L.P., GREP GENERAL PARTNER, LLC, AND
                                            GREYSTAR REAL ESTATE PARTNERS, LLC**


                          **<u>CERTIFICATE OF SERVICE</u>**

        I hereby certify that on August 31, 2015, I electronically filed the foregoing document
with the clerk for the United States District Court for the Western District of Texas, using the
electronic case filing system of the Court.  The electronic case filing system sent a "Notice of
Electronic Filing" to attorneys of record, who have consented in writing to accept this Notice as
service of this document by electronic means.

                                            */s/Michael A. Logan*
                                            Michael A. Logan








**GREYSTAR MANAGEMENT SERVICES, L.P.,
GREP GENERAL PARTNER, LLC AND GREYSTAR REAL ESTATE PARTNERS,
<u>LLC'S MOTION TO DISMISS ORIGINAL COMPLAINT—PAGE 12</u>**

3795511v3 (79980.00002.000)