FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2016 FEB -8 PM 1:11

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

JUSTIN REGEHR,
                      Plaintiff,

-vs-

GREYSTAR MANAGEMENT
SERVICES, L.P.,  GREP GENERAL
PARTNER, LLC,  GREYSTAR REAL
ESTATE PARTNERS, LLC,  SVF
CANTEBREA LP,  and SVF
CANTEBREA CORPORATION,
                      Defendants.

CAUSE NO.:
A-15-CA-00501-SS

# O R D E R

BE IT REMEMBERED on the 14th of October 2015, the Court held a hearing in the above-styled cause. The parties appeared by and through counsel. Before the Court are Defendants Greystar Management Services, L.P., GREP General Partner, LLC, and Greystar Real Estate Partners, LLC (Greystar)'s Motion to Dismiss [#23], Plaintiff Justin Regehr's Response [#35] thereto, and Greystar's Reply [#38] in support, as well as Defendants SVF Cantebrea Corporation and SVF Cantebrea LP (SVF)'s Motion to Dismiss [#27], Regehr's Response [#36] thereto, and SVF's Reply [#39] in support. Having considered the documents, the case as a whole, the testimony at the hearing, and the governing law, the Court now enters the following opinion and orders.

## Background

On behalf of a class, Justin Regehr brought suit against Greystar and SVF, alleging Greystar and SVF violated § 13.503(b) of the Texas Water Code by charging "unauthorized



utility connection fees" to initiate water and wastewater services to his apartment unit.[1] Section 13.503(b) states:

> [A]n apartment house owner, manufactured home rental community owner, multiple use facility owner, or condominium manager may not impose on the tenant any extra charges, over and above the cost per gallon and any other applicable taxes and surcharges that are charged by the retail public utility to the owner or manager.

TEX. WATER CODE § 13.503(b). According to Regehr, SVF is the owner of the property at issue, and Greystar is the "management company and landlord" over the property. Compl. [#1] ¶ 8–9.

Regehr's claims are based on a one-time charge of $12.50, which appeared on his first month's account ledger as a "utilities" fee. *See* Compl. [#1] at 12. Both Greystar and SVF contend the fee was a "bill convergent fee," not a water connection fee. Even if the fee was a utility connection fee, they argue, Regehr has failed to show it specifically related to water connection and not other utilities. Finally, as a threshold matter, Greystar argued it cannot be held liable under § 13.503(b) of the Texas Water Code, because it is not an apartment house owner or landlord within the meaning of the statute.

Both Greystar and SVF have moved to dismiss Regehr's claims. The Court now turns to the substance of these motions.

## Analysis

### I.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff

---

[1] Pursuant to § 13.505 of the Texas Water Code, Regehr has a private right of action to recover three times the amount of any overcharge, a civil penalty equal to one month's rent, reasonable attorney fees, and court costs from an owner who violates the statute. TEX. WATER CODE § 13.505.

must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.    Application

The Court first turns to Greystar's claim that it does not fall within the purview of § 13.503(b) because it is not an apartment house owner or landlord. Because the Court agrees with Greystar's argument, it grants Greystar's motion to dismiss. The Court likewise grants

3

SVF's motion to dismiss, because Regehr has failed to state a claim upon which relief may be granted.

**A.      Greystar**

The apartment complex at issue is owned by SVF and managed by Greystar. During a hearing held on October 14th, 2015, Greystar argued Regehr's claims should be dismissed, because it is not an "owner" under the Texas Water Code and therefore cannot be held liable under § 13.503(b). The Texas Water Code defines "owner" as

> The legal titleholder of an apartment house, a manufactured home rental community, or a multiple use facility; a condominium association; or any individual, firm, or corporation that *purports to be the landlord of tenants* in an apartment house, manufactured home rental community, or multiple use facility.

*Id.* § 13.501(5) (emphasis added). In response, Regehr argued Greystar qualifies as an owner of the apartment complexes it manages because it "purports to be the landlord of tenants." *Id.* Throughout his complaint, Regehr characterizes Greystar as the "owner and/or landlord/manager" of the property.

To determine whether Greystar is a "landlord" under the Texas Water Code, the Court looks first to the text of the statute and considers "the presumption that the [l]egislature intended what it enacted." *City of Hous. v. Bates*, 406 S.W.3d 539, 543 (Tex. 2013). Words in a statute are to be understood in their ordinary, everyday meaning, unless "the statute defines them or they are connected with and used with reference to a particular trade or subject matter or are a term of art." *Perkins v. Groff*, 936 S.W.2d 661, 664 (Tex. App.—Dallas 1996, writ denied). In this case, § 13.501 of the Texas Water Code does not define "landlord," but the ordinary, everyday meaning of "landlord" may be derived from the dictionary. The American Heritage College dictionary defines "landlord" as

1.   One that owns and rents land, buildings, or dwelling units.

    2.  A man who runs a rooming house or an inn; an innkeeper.

*Landlord*, THE AMERICAN HERITAGE COLLEGE DICTIONARY (4th ed. 2002).

      Greystar is not a landlord under the first definition, because it does not own the property at issue. Nevertheless, Regehr relies on the second definition to argue Greystar is the equivalent of an "innkeeper," which is defined in the American Heritage College Dictionary as "[o]ne who owns or manages an inn or hotel." *Innkeeper*, THE AMERICAN HERITAGE COLLEGE DICTIONARY (4th ed. 2002). Greystar is not an innkeeper, because the property it manages is not for transient use and is therefore unlike an inn or hotel. Instead, Greystar manages an "apartment house," which the Texas Water Code defines as "one or more buildings containing five or more dwelling units which are occupied primarily for nontransient use, including a residential condominium whether rented or owner occupied, and having rental paid . . . at intervals of one month or longer." TEX. WATER CODE § 13.501(1). A "dwelling unit" is further defined as "one or more rooms in an apartment house or condominium, suitable for occupancy as a residence." *Id.* § 13.501(2). Regehr signed a sixteen-month lease, indicating his apartment was occupied as a residence primarily for "nontransient use." *See* Compl. [#1-1] Ex. A (Regehr Lease) at 1. Because Greystar does not manage an inn or hotel and therefore does not constitute an "innkeeper," Greystar does not qualify as a "landlord" within the dictionary definition of that term.

      Similarly, § 311.023 of the Texas Government Code instructs courts to consider "former statutory provisions, including laws on the same or similar subjects." TEX. GOV'T CODE § 311.023; *see also Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 563 (Tex. 2014) ("To determine [a word's] common, ordinary meaning, we look to a wide variety of sources, including . . . the use and definitions of the word in other statutes."). In this instance, the Texas Property

Code is similar to the Texas Water Code; both statutes regulate a property owner's relationship to his tenants. *See* TEX. PROP. CODE § 92.002; TEX. WATER CODE § 13.503(b). Under the Texas Property Code, the legislature defined "landlord" as one who is the owner, lessor, or sublessor of a dwelling, but not "a manager or agent of the landlord unless the manager or agent purports to be the owner, lessor, or sublessor in an oral or written lease." TEX. PROP. CODE § 92.001. Under this definition, Greystar, as the apartment manager, is not subject to liability as a landlord of the property unless it purported to be the owner, lessor, or sublessor in an oral or written lease. In this case, the lease clearly indicates Regehr leased the property from SVF, and Greystar plainly initialed the lease in its representative capacity. *See* Regehr Lease at 1 (marking lines for "Initials of Our Representatives"). Accordingly, both the plain text meaning and statutory definition of "landlord" indicate Greystar is not subject to liability under § 13.503(b) of the Texas Water Code as an entity "purport[ing] to be the landlord of tenants." TEX. WATER CODE § 13.501(5). Greystar's motion to dismiss is therefore granted.

**B.      SVF**

SVF contends Regehr's claims should be dismissed because the one-time charge of $12.50 was a "bill convergent fee," not a water connection fee. The rental addendum submitted by Greystar and signed by Regehr describes the one-time $12.50 fee as a "bill convergent fee." Greystar's Mot. Dismiss [#23-1] Ex. 1 (Rental Addendum).[2] The plain meaning of a "bill convergent fee" suggests the charge is meant to converge a tenant's bills, and indeed Greystar explains the fee is a one-time fee paid to a third-party billing service that then aggregates a

---

[2] The Court relies on Exhibit 1, attached to Greystar's motion to dismiss, which includes a portion of the lease relating to the disputed "utilities" fee. Although courts are generally prohibited from looking beyond the allegations of the complaint unless they convert the motion into one for summary judgment, an exception is made for documents attached to the complaint. *See, e.g., Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386 (5th Cir. 2010) (citations omitted); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In this case, Regehr attached the lease but failed to attach the rental addendum which was explicitly incorporated by the terms of the Lease. This oversight suggests the rental addendum should have been attached to the complaint. As a result, Exhibit 1 is properly considered on this motion.

tenant's fees into a single electronic statement. *See* Greystar's Mot. Dismiss [#23] at 6. The Texas Water Code does not prevent apartment owners from charging a one-time fee for a consolidated billing service.

Even if the Rental Addendum is properly excluded, the Court still finds Regehr has failed to plead sufficient facts showing the "utilities" charge specifically related to water connection and not other utilities. Utilities include electricity, trash, and recyclables, not just water. *See Utility*, THE AMERICAN HERITAGE COLLEGE DICTIONARY (4th ed. 2002) (defining utility as "[a] commodity or service, such as electricity or water, provided by a public utility"). The Texas Water Code only regulates excessive charges for water usage. Given the dearth of specific facts alleged in Regehr's complaint, the Court cannot infer "more than the mere possibility" that the "utilities" fee violated the Texas Water Code.[3] *See Iqbal*, 556 U.S. 662, 679–80 (2009). Therefore, SVF's motion to dismiss is granted.

## Conclusion

Accordingly,

IT IS ORDERED that Defendants Greystar Management Services, LP, Grep General Partner, LLC, and Greystar Real Estate Partners' Motion to Dismiss [#23] is GRANTED;

IT IS FINALLY ORDERED that Defendants' SVF Cantebrea LP and SVF Cantebrea Corporation's Motion to Dismiss [#27] is GRANTED.

---

[3] Regehr attempts to analogize to *Schilling v. Mid-American Aptartment Communities, Inc.*, No. A-14-CV-1049-LY, 2015 WL 4041652, at *1 (W.D. Tex. July 1, 2015). However, the instant case differs from *Schilling* in one important aspect. In *Schilling*, the defendant-landlord charged plaintiffs a one-time "water connection" fee in clear violation of § 13.503(b) of the Texas Water Code. In this case, Regehr has failed to plead specific facts showing the "utilities" fee related to water connection at all.

SIGNED this the _8ᵗʰ_ day of February 2016.

SAM SPARKS
UNITED STATES DISTRICT JUDGE