IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



FILED
2016 MAY -2  AM 11: 44

JUSTIN REGEHR,
    Plaintiff,

-vs-

GREYSTAR MANAGEMENT
SERVICES, L.P., GREP GENERAL
PARTNER, LLC, GREYSTAR REAL
ESTATE PARTNERS, LLC, SVF
CANTEBREA LP, and SVF
CANTEBREA CORPORATION,
    Defendants.

CAUSE NO.:
A-15-CA-00501-SS

## ORDER

BE IT REMEMBERED on the 7th day of April, 2016, the Court held a hearing in the above-styled cause. Before the Court are Plaintiff Justin Regehr's Motion for New Trial or to Alter or Amend Judgment [#54], Defendants Greystar Management Services, L.P., GREP General Partner, LLC, and Greystar Real Estate Partners, LLC (Greystar)'s Response [#55] thereto, and Regehr's Reply [#57] in support.

On February 8, 2016, the Court entered an order dismissing Regehr's claims against Greystar and SVF Cantebrea Corporation and SVF Cantebrea LP (SVF). *See* Order of Feb. 8, 2016 [#50]. Following entry of the February 8, 2016 Order, Regehr filed the instant motion for reconsideration of the same. Having reviewed the documents, the file as a whole, the arguments at the hearing, and the governing law, the Court now enters the following opinion and orders.

### Background

Regehr brought suit against Greystar and SVF for allegedly violating § 13.503(b) of the Texas Water Code, which prohibits an "apartment house owner" from imposing "any extra

charges, over and above the cost per gallon and any other applicable taxes and surcharges that are charged by the retail public utility to the owner or manager." TEX. WATER CODE § 13.503(b). Greystar manages the "apartment house" where Regehr lived and SVF owns it. According to Regehr, Greystar violated § 13.503(b) by charging him a one-time "[u]tilities" fee of $12.50. *See* Compl. [#1] at 12. Greystar argues this fee was a "billing convergent fee," not a utility connection fee as Regehr alleges. Greystar's Mot. Dismiss [#23] at 3. Greystar further argues that even if the fee was a utility connection fee, Regehr has not shown it specifically relates to water and not other utilities.

At a hearing held on October 14, 2015, Greystar argued it is not subject to the Texas Water Code because it is not an "owner" under the statute, which the Texas Water Code defines as "the legal title holder of an apartment house" or an entity "that purports to be the landlord of tenants in the apartment house." TEX. WATER CODE § 13.501(5). According to Greystar, a management company is neither the legal titleholder nor the landlord of the property.

On February 8, 2016, the Court entered an order granting Greystar's motion to dismiss, concluding Greystar was not an "owner" under the Texas Water Code. *See* Order of Feb. 8, 2016 [#50]. The Court also dismissed Regehr's claims against SVF for failure to plead sufficient facts showing the utility connection fee specifically related to water. In Regehr's motion for reconsideration of the February 8, 2016 Order, Regehr asks the Court to reconsider its holding that Greystar is not an "owner" and therefore does not fall within the purview of § 13.503(b). In addition, Regehr asks this Court to either reconsider its decision that Regehr's allegations against SVF failed to state a claim on the merits, or in the alternative, grant Regehr leave to amend and plead his allegations with greater specificity. The Court addresses the merits of Regehr's motion below.

2

## Analysis

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(e), Regehr moves for reconsideration of the Court's order dismissing Regehr's claims against Greystar and SVF. Federal Rule of Civil Procedure 59(e) gives a party twenty-eight days after entry of a judgment to file a motion asking the court to alter or amend that judgment. FED. R. CIV. P. 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but instead is intended to allow a court to correct manifest errors of law or fact, to correct inadvertent clerical errors, or to present newly discovered evidence. *Id.* Indeed, the "remedy is so extraordinary that the standard under Rule 59(e) 'favor[s] the denial of motions to alter or amend a judgment.'" *Sanders v. Bell Helicopter Textron, Inc.*, No. 4:04-cv-254-Y, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005) (quoting *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)). Although the decision to grant a motion to reconsider is within the discretion of the district court, the decision should be made in light of two "important judicial imperatives": (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all the facts. *Templet*, 367 F.3d at 479.

### II. Application

In his Rule 59(e) motion, Regehr asks this Court to reconsider two holdings from the February 8, 2016 Order: first, Greystar does not fall within the purview of § 13.503(b) because it is not an owner or landlord; and second, Regehr's claims against SVF failed to state a claim on the merits. As set forth below, the Court finds Regehr has pled sufficient facts demonstrating

Greystar "purport[ed] to be the landlord of tenants." Moreover, although the Court finds Regehr's claims against Greystar were properly dismissed for the same reasons Regehr's claims against SVF were dismissed, it grants Regehr leave to plead his allegations against SVF and Greystar with greater specificity. Therefore, Regehr's motion for reconsideration is granted in part and denied in part.

A.      **"Owner" under the Texas Water Code**

In granting Greystar's motion to dismiss, the Court held that Greystar is not an "owner" under the Texas Water Code. Regehr claims this ruling was a manifest error of law and therefore asks this Court to reconsider its holding.[1]

The Texas Water Code defines "owner" as:

> [T]he legal titleholder of an apartment house, manufactured home rental community, or multiple use facility *and* any individual, firm, or corporation that purports to be the landlord of tenants in the apartment house, manufactured home rental community, or multiple use facility.

TEX. WATER CODE § 13.501(5) (emphasis added). Regehr argues the use of the conjunction "and" means an apartment house may have multiple owners, including the "legal titleholder of an apartment house" and any entity that "purports to be the landlord of tenants in the apartment house."[2] He further contends the legislature broadly defined "landlord of tenants" by using the phrase "purports to be." "Purports" means "[t]o have or present the often false appearance of

---

[1] Regehr also argues his motion for reconsideration should be granted because he "had no opportunity to address" the "owner" issue Greystar raised at the October 14, 2015 hearing. *See* Mot. Reconsider [#54] at 5. However, this argument is hardly persuasive, because Regehr's counsel addressed the merits of the "owner" issue at the hearing and could have—but did not—request leave to brief the issue.

[2] Notably, Greystar has not argued the "and" emphasized above is conjunctive, such that an "owner" must be both the "legal titleholder" and an entity that "purports to be the landlord." *See, e.g., In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69 (Tex. 2008) ("'And' is conjunctive."); *Bd. of Ins. Comm'rs v. Guardian Life Ins. Co. of Tex.*, 180 S.W.2d 906, 908 (Tex. 1944) ("Ordinarily the words 'and' and 'or,' are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature."). It is not this Court's responsibility to manufacture arguments in support of a party's position. Because Greystar has not challenged Regehr's interpretation of the conjunction "and," the Court accepts Regehr's interpretation for purposes of this analysis.

being or intending." *Purports*, THE AMERICAN HERITAGE COLLEGE DICTIONARY (4th ed. 2002). According to Regehr, the statute covers not only legal titleholders and landlords as they are technically defined, but also any entity that "present[s] the often false appearance of being" a legal titleholder or landlord. Granting Greystar's motion to dismiss was in error, Regehr argues, because whether Greystar purported to be Regehr's landlord is a fact issue which is not suitable for disposition at the motion to dismiss stage.

The Court is convinced that Regehr has pled sufficient facts, accepted as true, to demonstrate that Greystar "purport[ed] to be the landlord of tenants." As Regehr recognizes in his briefing, "[u]ndefined terms in a statute are typically given their ordinary meaning," *Greater Hous. P'ship v. Paxton*, 468 S.W.3d 51, 58 (Tex. 2015), and a court may determine the ordinary meaning of a term by looking at its dictionary definition. *See, e.g., Learners Online, Inc. v. Dall. Indep. Sch. Dist.*, 333 S.W.3d 636, 641 (Tex. App.—Dallas 2009, no pet.) ("The use of legal or other well-accepted dictionaries is a permissible method of determining the ordinary meaning of certain words."). It is undisputed that the ordinary dictionary definition of "landlord" includes the legal titleholder. *See* Mot. Reconsider [#54] at 6; *see also Landlord*, THE AMERICAN HERITAGE COLLEGE DICTIONARY (4th ed. 2002) (defining "landlord" to include "[o]ne that owns and rents land, buildings, or dwelling units"). When read in conjunction with the phrase "purports to be," an "owner" includes an entity that falsely holds itself out as the legal titleholder.

Interpreting "landlord" to include "legal titleholder" does not nullify the "purports to be" clause, because an entity may present the false appearance of being the legal titleholder of the property when, in fact, it is not. Here, in an addendum to Regehr's lease, Riverstone Residential, Greystar's predecessor management company, was identified as the "dwelling owner" of the

property. Compl. [#1-1] Ex. A (Lease Addendum) at 27. Therefore, by acquiring Riverstone Residential, Greystar "purport[ed] to be the landlord" in Regehr's lease, and is an "owner" under the Texas Water Code.

In so holding, the Court is mindful that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Rubinstein v. Collins*, 20 F.3d 160, 172 (5th Cir. 1994) ("It is axiomatic, of course, that we will not expand state law beyond its present existing boundaries."); *Meyer v. Cal. & Hawaiian Sugar Co.*, 662 F.2d 637, 640 (9th Cir. 1981) ("Federal courts should not reach out unnecessarily to decide state law claims."). Because the Court concludes Regehr has pled sufficient facts demonstrating Greystar purported to be Regehr's landlord, the Court need not decide at this time whether the term "landlord" includes the manager of an apartment complex where the manager does not purport to be the legal titleholder. Texas courts have yet to decide this issue, and given Regehr's concern that such a decision will affect cases presently pending in state court, the Court declines to direct state courts in their interpretation of this term.

**B.     "Utilities" Charge**

Regehr has not demonstrated the Court's dismissal of SVF in its February 8, 2016 Order was a manifest error of law or fact, inadvertent clerical error, or should be altered in light of newly discovered evidence. Therefore, this portion of the February 8, 2016 Order remains undisturbed. Moreover, for the same reasons it dismissed Regehr's claims against SVF—namely, because Regehr failed to sufficiently show the "utilities" fee specifically related to water—the Court finds its dismissal of Regehr's claims against Greystar was proper. Nevertheless, the Court

GRANTS Regehr TWENTY (20) DAYS from the date of entry of this Order to plead his allegations against SVF and Greystar with greater specificity.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Justin Regehr's Motion for New Trial or to Alter or Amend Judgment [#54] is GRANTED IN PART and DENIED IN PART as described in this opinion;

IT IS FURTHER ORDERED that the Court's February 8, 2016 Order [#50] is VACATED IN PART as described in this opinion;

IT IS FINALLY ORDERED that Plaintiff Justin Regehr shall have TWENTY (20) DAYS from entry of this Order to file an amended complaint against Defendants Greystar Management Services, L.P., GREP General Partner, LLC, Greystar Real Estate Partners, LLC, SVF Cantebrea Corporation, and SVF Cantebrea LP.

SIGNED this the 29th day of April 2016.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE