**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JUSTIN REGEHR,** | | |
| **for himself and all** | § | |
| **others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE No. 1:15-cv-00501** |
| | § | |
| **GREYSTAR MANAGEMENT** | § | |
| **SERVICES, L.P., GREP GENERAL** | § | |
| **PARTNER, LLC, GREYSTAR REAL** | § | |
| **ESTATE PARTNERS, LLC, individually** | § | |
| **and as successors in merger to Riverstone** | § | |
| **Residential Group, SVF CANTEBREA,** | § | |
| **LP D/B/A ALARA CANTEBREA** | § | |
| **CROSSING, AND SVF CANTEBREA** | § | |
| **CORPORATION D/B/A SVF** | § | |
| **CANTEBREA GP CORPORATION** | § | |
| | § | |
| **Defendants.** | § | |

**GREYSTAR MANAGEMENT SERVICES, L.P., GREP GENERAL PARTNER, LLC,**
**GREYSTAR REAL ESTATE PARTNERS, LLC, SVF CANTEBREA, LP D/B/A ALARA**
**CANTEBREA CROSSING AND SVF CANTEBREA CORPORATION**
**D/B/A SVF CANTEBREA GP CORPORATION'S ANSWER TO**
**PLAINTIFF JUSTIN REGEHR'S SECOND AMENDED COMPLAINT**

Defendants Greystar Management Services, L.P., GREP General Partner, LLC, Greystar

Real Estate Partners, LLC, SVF Cantebrea, LP d/b/a Alara Cantebrea Crossing and SVF

Cantebrea Corporation d/b/a SVF Cantebrea GP Corporation file their Answer to Plaintiff Justin

Regehr's Second Amended Complaint [DOC 82] (the "Complaint") as follows:

**I.  PARTIES, JURISDICTION, AND VENUE**

1.     Defendants lack information necessary to admit or deny the allegations contained

in paragraph 1 of the Complaint and, on that basis, the allegations are denied.

**DEFENDANTS GREYSTAR MANAGEMENT SERVICES, L.P., GREP GENERAL PARTNER, LLC,**
**GREYSTAR REAL ESTATE PARTNERS, LLC, SVF CANTEBREA, LP D/B/A ALARA CANTEBREA**
**CROSSING AND SVF CANTEBREA CORPORATION D/B/A SVF CANTEBREA GP CORPORATION'S**
**ANSWER TO PLAINTIFF JUSTIN REGEHR'S SECOND AMENDED COMPLAINT—PAGE 1**

2.      Defendants admit the allegations in paragraph 2 of the Complaint.

3.      Defendants admit the allegations in paragraph 3 of the Complaint.

4.      Defendants admit the allegations in paragraph 4 of the Complaint.

5.      Defendants admit the allegations in paragraph 5 of the Complaint.

6.      Defendants admit the allegations in paragraph 6 of the Complaint.

7.      Defendants deny the allegations in paragraph 7 of the Complaint.

8.      Defendants deny the allegations in paragraph 8 of the Complaint.

9.      Defendants deny the allegations in paragraph 9 of the Complaint.

10.      Defendants admit that this Court has jurisdiction over Defendants and the subject matter of this lawsuit, but deny any remaining allegations in paragraph 10 of the Complaint.

11.      Defendants admit that venue is proper in this Court and deny the remaining allegations in paragraph 11 of the Complaint.

## II.    INTRODUCTION AND BACKGROUND

12.      Defendants admit that Greystar was involved in a merger with Riverstone Residential.  Defendants deny the remaining allegations in paragraph 12 of the Complaint.

13.      Paragraph 13 of the Complaint contains legal averments to which no response is required.  However, to the extent any response may be required; Defendants deny the allegations in paragraph 13 of the Complaint.

14.      Defendants admit that they are members of the Texas Apartment Association. Defendants deny the remaining factual allegation in paragraph 14 of the Complaint.

**DEFENDANTS GREYSTAR MANAGEMENT SERVICES, L.P., GREP GENERAL PARTNER, LLC, GREYSTAR REAL ESTATE PARTNERS, LLC, SVF CANTEBREA, LP D/B/A ALARA CANTEBREA CROSSING AND SVF CANTEBREA CORPORATION D/B/A SVF CANTEBREA GP CORPORATION'S ANSWER TO PLAINTIFF JUSTIN REGEHR'S SECOND AMENDED COMPLAINT—PAGE 2**
5045666v1 (79980.00002.000)

A. **PLAINTIFF'S ALLEGATION THAT GREYSTAR OWNS APARTMENTS AND SERVES AS THE PURPORTED LANDLORD OF OTHER APARTMENT COMPLEXES IN TEXAS FOR SVFC AND OTHER OWNERS.**

15.     Defendants admit that Greystar has expertise in property management, investment management and development of residential properties.   Defendants deny the remaining allegations in paragraph 15 of the Complaint.

16.     Defendants deny the allegations in paragraph 16 of the Complaint.

17.     Defendants admit that Greystar manages a number of residential apartment units. Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18.     Defendants admit that Greystar manages certain properties in Austin, Texas. Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19.     Defendants admit that Greystar manages a number of residential apartment units in Texas.  Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20.     Defendants admit that Riverstone Residential Group and Greystar merged on or about June 2, 2014.   Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21.     Defendants admit that Plaintiff was a tenant at an apartment property managed by Riverstone Residential Group for a period of time.  Defendants deny the remaining allegations in paragraph 21 of the Complaint.

22.     Defendants admit that Greystar merged with Riverstone Residential Group. Defendants deny the remaining allegations in paragraph 22 of the Complaint.

23.     Defendants admit that Greystar employs numerous individuals in different positions for the purpose of carrying out property management services.  Defendants deny the remaining allegations in paragraph 23 of the Complaint.

24.     Defendants deny the allegations in paragraph 24 of the Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Defendants admit that SVFC held legal title to the apartment property in Austin, Texas where Plaintiff resided at the time this lawsuit was filed, but that SVFC no longer holds legal title to such property.  Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27.     Defendants deny the allegations in paragraph 27 of the Complaint.

28.     Defendants admit that SVFC was previously the owner of the Cantebrea Crossing.  Defendants deny the remaining allegations in paragraph 28 of the Complaint.

**B.      PLAINTIFF'S ALLEGATIONS REGARDING CHAPTER 13, SUBCHAPTER M OF THE TEXAS WATER CODE.**

29.     Paragraph 29 of the Complaint contains recitations and conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint contains recitations and conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations in paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint contains recitations and conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations in paragraph 31 of the Complaint.

**DEFENDANTS GREYSTAR MANAGEMENT SERVICES, L.P., GREP GENERAL PARTNER, LLC, GREYSTAR REAL ESTATE PARTNERS, LLC, SVF CANTEBREA, LP D/B/A ALARA CANTEBREA CROSSING AND SVF CANTEBREA CORPORATION D/B/A SVF CANTEBREA GP CORPORATION'S ANSWER TO PLAINTIFF JUSTIN REGEHR'S SECOND AMENDED COMPLAINT—PAGE 4**
5045666v1 (79980.00002.000)

32.     Paragraph 32 of the Complaint contains recitations and conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations in paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint contains recitations and conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations in paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint contains recitations and conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint contains recitations and conclusions of law to which no response is required.  To the extent that a response may be required, Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

**C.     PLAINTIFF'S ALLEGATION THAT REGEHR IS ASSESSED AND CHARGED A WATER UTILITY FEE AND PAYS IT.**

41.     Defendants admit the allegations in paragraph 41 of the Complaint.

42.     Defendants admit that Plaintiff Regehr and Lindsay Moore signed a lease and numerous lease addenda.  Defendants deny the remaining allegations in paragraph 43 of the

Complaint and that the lease attached to the Complaint is a complete and accurate copy of the lease and addenda executed by Plaintiff Regehr and Lindsay Moore.

43.     Defendants admit that paragraph 43 of the Complaint relates to "rent" but deny the remaining allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants admit that the $12.50 charge at issue in this lawsuit was only charged one time.  Defendants admit that Plaintiff was also charged amounts for Reimbursed Water, Reimbursed Trash, Reimbursed Sewer, Utilities and Rent during his tenancy.  Defendants deny the remaining allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants admit that Regehr was charged rent in his first monthly bill and Water Base Charge—Allocation, Water Consumption, Sewer Base Charge, Sewer Consumption, Stormwater Fee—Allocation, Trash Allocation Charge, Trash Admin. Fee, Pest Control Fee and Convergent Bill Activation Fee in his second monthly bill.  Defendant denies the remaining allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

**DEFENDANTS GREYSTAR MANAGEMENT SERVICES, L.P., GREP GENERAL PARTNER, LLC, GREYSTAR REAL ESTATE PARTNERS, LLC, SVF CANTEBREA, LP D/B/A ALARA CANTEBREA CROSSING AND SVF CANTEBREA CORPORATION D/B/A SVF CANTEBREA GP CORPORATION'S ANSWER TO PLAINTIFF JUSTIN REGEHR'S SECOND AMENDED COMPLAINT—PAGE 6**
5045666v1 (79980.00002.000)

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

56.     Defendants admit that trash disposal was provided by a third-party vendor. Defendants deny the remaining allegations in paragraph 56 of the Complaint.

57.     Defendants admit that pest control was provided by a third-party vendor. Defendants deny the remaining allegations in paragraph 57 of the Complaint.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint contains recitations and conclusions of law to which no response is required.  Defendants deny the remaining allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

**D.      PLAINTIFF'S ALLEGATIONS REGARDING THE CLASS**

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

## III.  PLAINTIFF'S CLASS ACTION ALLEGATIONS

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

68.     The allegations in paragraph 68 of the Complaint are admitted in part and denied in part.  Defendants admit that Plaintiff purports to bring claims for relief on behalf of a defined class, but deny that Plaintiff is entitled to relief or that this case is suitable for class treatment.

69.    Defendants deny the allegations in paragraph 69 of the Complaint.

70.    Defendants deny the allegations in paragraph 70 of the Complaint.

71.    Defendants deny the allegations in paragraph 71 of the Complaint.

72.    Defendants deny the allegations in paragraph 72 of the Complaint.

73.    Defendants deny the allegations in paragraph 73 of the Complaint.

74.    Defendants deny the allegations in paragraph 74 of the Complaint.

75.    Defendants deny the allegations in paragraph 75 of the Complaint.

76.    Defendants deny the allegations in paragraph 76 of the Complaint.

77.    Defendants deny the allegations in paragraph 77 of the Complaint.

78.    Defendants deny the allegations in paragraph 78 of the Complaint.

79.    Defendants deny the allegations in paragraph 79 of the Complaint.

80.    Defendants deny the allegations in paragraph 80 of the Complaint.

81.    Defendants deny the allegations in paragraph 81 of the Complaint.

82.    Defendants deny the allegations in paragraph 82 of the Complaint.

83.    Defendants deny the allegations in paragraph 83 of the Complaint.

84.    Defendants deny the allegations in paragraph 84 of the Complaint.

85.    Defendants deny the allegations in paragraph 85 of the Complaint.

## IV.   PLAINTIFF'S CLAIMS FOR RELIEF

### PLAINTIFF'S CLAIM FOR TEXAS WATER CODE VIOLATIONS AND VIOLATIONS OF PUC RULES

86.    Defendant restates and realleges the above paragraphs as if fully set forth herein.

87.    Defendants deny the allegations in paragraph 87 of the Complaint.

88.    Defendants deny the allegations in paragraph 88 of the Complaint.

89.    Defendants deny the allegations in paragraph 89 of the Complaint.

90.    Defendants deny the allegations in paragraph 90 of the Complaint.

## V. PLAINTIFF'S REQUEST FOR JURY DEMAND

91.    Paragraph 91 of the Complaint contains a jury demand to which no response is required.   To the extent any response may be required, Defendants deny the allegations in paragraph 91 of the Complaint.

## VI. PLAINTIFF'S REQUEST FOR RELIEF

92.    Plaintiff's Request for Relief constitutes a prayer for relief and therefore, no response is required.   To the extent that a response may be required, Defendants deny the allegations contained in the Request for Relief and Defendants respectfully request that the Court deny any request for class certification and enter judgment in Defendant's favor and against Plaintiff.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1.    Defendants deny that the charges at issue in this matter were water or wastewater charges, but to the extent that such charges may be found to be related to water, Defendants assert that such water charges were the result of a good faith, unintentional mistake.

2.      Defendants deny that the charges at issue in this matter were water or wastewater charges, but to the extent that such charges may be found to be related to water, Defendants assert the remedies provided under Texas Administrative Code Section 24.125(k) as a bar to the damages sought by Plaintiff.

3.      Defendants assert the affirmative defense of the statute of limitations.

4.      Defendants assert as an affirmative defense that Plaintiff failed to join parties necessary to this litigation.

5.      Defendants assert the statutory definitions set forth in the Texas Water Code and Texas Administrative Code as an affirmative defense in that Greystar is not an owner and does not purport to be a landlord of the properties at issue in this litigation.

6.      Defendants assert the affirmative defense of consent in that Plaintiff agreed to the charge at issue in this litigation.

WHEREFORE, Defendants respectfully request that this Court enter judgment in its favor and for such other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,


*/s/C. Jeffrey Novel*
    Michael A. Logan
    State Bar No. 12497500
    mlogan@krcl.com
    C. Jeffrey Novel
    State Bar No. 24037198
    jnovel@krcl.com

KANE RUSSELL COLEMAN & LOGAN PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas  75201
Telephone:   (214) 777-4294
Facsimile:   (214) 777-4299

**ATTORNEYS FOR DEFENDANTS
GREYSTAR MANAGEMENT SERVICES,
L.P., GREP GENERAL PARTNER, LLC, AND
GREYSTAR REAL ESTATE PARTNERS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 22, 2017, I electronically filed the foregoing document with the clerk for the United States District Court for the Western District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to attorneys of record, who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/C. Jeffrey Novel*
C. Jeffrey Novel

**DEFENDANTS GREYSTAR MANAGEMENT SERVICES, L.P., GREP GENERAL PARTNER, LLC, GREYSTAR REAL ESTATE PARTNERS, LLC, SVF CANTEBREA, LP D/B/A ALARA CANTEBREA CROSSING AND SVF CANTEBREA CORPORATION D/B/A SVF CANTEBREA GP CORPORATION'S ANSWER TO PLAINTIFF JUSTIN REGEHR'S SECOND AMENDED COMPLAINT—PAGE 12**
5045666v1 (79980.00002.000)